NO. 07-08-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 23, 2009
_____

EDWIN DEGRAFF,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B16020-0505; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In one issue, appellant Edwin DeGraff appeals his conviction for aggravated sexual assault of a child by challenging the factual sufficiency of the evidence. We find the evidence sufficient and affirm the judgment.

The pertinent standard of review is explained in *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) and its progeny. We refer the parties to them.

Next, appellant was convicted of aggravated sexual assault by intentionally and knowingly causing the penetration of the female sexual organ of his nine-year-old daughter by his finger. *See* TEX. PENAL CODE ANN. 22.021(a)(2)(B) (Vernon Supp. 2009). Appellant attacks the sufficiency of the evidence illustrating that he penetrated the complainant with his finger. Furthermore, though he admitted that he touched the child's vagina with his hand and acknowledged the impropriety of that act, he denied having committed a criminal offense. Yet, in that statement he also said that the tips of two fingers "touch[ed] the interior part of the outside lips but didn't go inside of them." So too did he draw a picture illustrating the relationship between those two fingers and the interior part of the labia touched.

We have held that the slightest penetration is sufficient to sustain a conviction. *Green v. State,* 209 S.W.3d 831, 832 (Tex. App.–Amarillo 2006, pet. ref'd). Furthermore, penetration includes pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed even when one is naked. *Vernon v. State,* 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Appellant's statement and his drawing are sufficient for a rational trier of fact to determine beyond a reasonable doubt that penetration occurred. That finding is neither against the great weight of the evidence or otherwise manifestly unjust.

Accordingly, the judgment of the trial court is affirmed.


          Brian Quinn
          Chief Justice

Do not publish.